We'll next hear argument in the Government of the Lao People's Democratic Republic versus Baldwin and Bridge Capital, LLC, case number 25-2562. David Branson Yes, I'm Mr. Branson. May it please the Court, my name is David Branson and together with my co-counsel in Taipan, Mr. Colin Thompson, we represent the Government of the Lao People's Democratic Republic. First, I thank you for allowing me to appear remotely because I'm in Hong Kong. I would like to make three statements and then take your questions and reserve two minutes for rebuttal. The Government's position is one, the district court had subject matter jurisdiction under FAA 9 U.S.C. 203, two, this court has jurisdiction under 9 U.S.C. 161D because the district court in fact denied enforcement of three foreign arbitration awards, and third, there is one case the Government principally relies upon that answers these jurisdictional questions in toto. It's your decision in Al Qarqani versus Chevron, which you decided in 2021, and now I take your questions. David Branson Okay, so I was trying to grapple with our jurisdiction here. You think we have jurisdiction, right? Colin Thompson Of course. David Branson Do you think it's under 1291 or do you think it's under section 16D of the FAA? Colin Thompson Under the FAA 16A1D. It's interlocutory. David Branson Yeah. Colin Thompson It's an interlocutory decision. David Branson But you agree that we don't have jurisdiction under 1291? Colin Thompson There's not a final decision of the district court. David Branson So then my question is, how is section 16, it's A1D, that's what you're talking about, and that talks about confirmation or rejection of an arbitral award, right? Colin Thompson Yes, the exact wording is confirming or denying confirmation of an award or a partial award, and this district court decision denied the confirmation of three foreign arbitral awards. David Branson The district court actually just dismisses saying I don't have jurisdiction. So why is that? Why should we treat a dismissal for lack of jurisdiction as an order on confirmation or not confirmation? Colin Thompson Because the district court erred when the district court said it did not have subject matter jurisdiction. That was an absolutely erroneous decision, and it's critical to the argument before you on both your jurisdiction because you have to first decide what the jurisdiction of the district court was in several of your recent cases. David Branson That's part of the problem. We don't have to first decide. We first have to decide our own jurisdiction before we decide the jurisdiction of the district court, and that's why I'm struggling here because it's not intuitive. What's your best case? I mean, basically you're suggesting that A1D is an exception, which it may be, is an exception to the finality rule, right? You're arguing that because you're saying if this is confirming or denying as to any party, then you automatically get an interlocutory appeal. Colin Thompson Well, yes. One primary authority is Arthur Anderson v. Carlisle, where the Supreme Court held that Arthur Anderson, which had asked to compel arbitration, the district court said you can't compel arbitration because you're a non-signatory, and the court of appeals said we agree with that. The Supreme Court took jurisdiction under 16A1C because maybe it was either denying a stay or denying a motion to compel. David Branson Right, but that seems different. That seems different because that's, well, maybe it's different. Colin Thompson It was interlocutory. David Branson Yeah, you're right. Colin Thompson Your point is these separate ways in which you can have appellate jurisdiction under the FAA don't superimpose a finality rule under them. They all anticipate an interlocutory appeal. David Branson There are other parts in 16D that deal with final awards. For example, 16A3 is a final decision with respect to an arbitration that is subject to this title. So there is a finality section in Rule 16, but Rule 16A1, they're all interlocutory. Colin Thompson My question is different in that setting aside finality, if we're under A1D, which is what you say we're under, and as you've read, it refers to confirming or denying confirmation. The district court here expressly said she wasn't addressing confirmation because she lacked jurisdiction. So what do we, I come back to, like, why should we call that order something different than what she thought it was? David Branson I disagree with that. The district court, first of all, the district court had before her only a motion to dismiss under 12B6. The respondents never made a 12B1 motion. So for 20 pages of the decision, the district court says, I'm not, we are denying confirmation of the awards. The motion, the petition before me is to confirm arbitration awards. It was only in the last sentence that the court said, I don't have subject matter jurisdiction. Now the reason I believe you have to revisit that is because two of your cases I'll cite to you, Hay Day Farms versus FedEx and Voltage Pictures versus Goosey, both of those district court decisions said we have diversity jurisdiction and they confirmed arbitral awards. But this court said we have to look at the jurisdiction because we don't think you have diversity jurisdiction. And in Hay Day Farms, for example, this court then said you actually have Section 203 jurisdiction. Well that's what is the situation here. This court had Section 203 jurisdiction. And the reason, and what you need to examine, in my opinion, is your decision in Al-Kharkhani versus Chevron. And let me explain this because it's very important. The district court in the oral argument was given the Al-Kharkhani district court decision of 2019. The Al-Kharkhani district court decision said, and there was a debate in the circuits up until Al-Kharkhani in the circuit, that the New York Convention was different than Section 1 of the FAA. In Section 1 of the FAA, it's been the law for decades that a non-signatory can bring a claim and compel arbitration or can move to enforce an arbitral award against the non-signatory. There was a line of authority in several of the circuits that said Chapter 2 was different than under Chapter 2 because the New York Convention said a party must present an arbitration agreement in writing that it was a jurisdictional requirement. So many circuits for Chapter 2 have a different rule. I don't mean to cut you off because this is actually helpful, but the question I have, even if you're right that this ultimately is sort of a merits-based decision, we could make that determination after there's a final award and it comes up. No, you can't, because if there are two – I'm sorry, I may disagree. We have two defendants in the district court at the moment. They've both moved to dismiss on personal jurisdiction grounds. We've argued that the nerve center is in Saipan and therefore there is personal jurisdiction. Well, let's assume that – and we win that argument. The district court then grants a judgment against those two defendants. So the case is over. We can't then come back to this court and ask you to revisit the alter ego question. We have two judgments in the district court, and those judgments then become enforceable in the state court under the Uniform Foreign Judgments Act. That's where we lose the right to use the New York Convention if you don't claim this case back. We're unable to use the New York Convention in any other district court because the three-year statute's expired. These awards go back to 2019. Okay, I'm thinking about it. I've got to think about what you just said, but I'm thinking about it more simplistically. I mean, this is a case where there's two parties and then three alter egos. Maybe I have the numbers wrong. Oh, yeah, that's right. Okay, and the alter egos were dismissed. The district court said, I don't have jurisdiction. You're saying, no, that was on the merits. No, no. No, excuse me. Let me restate that. Yep. The district court goes through the merits for 20 pages and relies on the Orion Court decision that it's too complicated. And then on the last sentence of the decision says, I'm granting the motion because there's a lack of subject matter jurisdiction. I understand your argument. But, I mean, the district court says it's jurisdiction. You're saying it's not, and look at these 20 pages. No, no. What is important to me is the way your court looked at Hay Day Farms and Golden Pictures. You said, let us examine what the district court's jurisdiction was. The district court in both of those cases said, we have diversity jurisdiction. And this court said, we don't agree that you have diversity. Counsel, I'm really not trying to be difficult with you here. I understand your argument. I'm very familiar with Hay Day Farms. I think I wrote that. I know you wrote it. So I'm not disagreeing with you that that is an issue. But Hay Day Farms did not address this question of our appellate jurisdiction to get up here. And you're trying to use Hay Day Farms and bootstrap it up front into our appellate jurisdiction. Maybe we should. Maybe we shouldn't. But that's a different issue. I don't want to say it that way. It's not a bootstrapping argument. What this district court said over 20 pages is, I have before me a motion to confirm arbitral awards. I'm going to deny the motion to confirm arbitral awards. The district court said that at least eight times. And it wasn't until the last sentence that she said, I also don't have subject matter jurisdiction. But in fact, what is the result? The result is the government's motion to confirm arbitral awards has been dismissed. The motion was denied. So is there another case where there have been multiple parties, an award as to one of those parties has been denied, and there was an interlocutory appeal of that order? That would be really helpful if that existed. Say that again. Can you cite to me a case where the district court had five parties or multiple parties before it, all subject or potentially subject to an arbitral award? The district court ruled on one or two less than all of those parties, and an interlocutory appeal of that denial was taken up on appeal. Well, I said Anderson versus Liberty Lobby. There were multiple defendants who were sued in the class action by the, I'm sorry, by the people that got bad tax advice, and several of them had an arbitration agreement. I'm sorry, Brickledge is the party that had an arbitration agreement. Arthur Anderson did not have an arbitration agreement. So when Arthur Anderson moved to compel arbitration, and the district court denied it, and the Sixth Circuit affirmed, then coming up to the Supreme Court, the Court of Appeals and to the Supreme Court are just two of the defendants. One of the other defendants was still in the district court with an agreement motion to compel arbitration. So Arthur Anderson has the interlocutory notion where somebody is still in the district court. And that came up. I thought that was under C, not D. Well, it was a motion to compel, but it's, you know, You're saying by analogy it should apply the same way. Well, they're all the same. I mean, there are five rules, five reasons why you have interlocutory jurisdiction in Section A-1. A, B, C, D, and E. Let me think of another one. Well, and counsel, we've taken over. I think, yes, I'd like to go. Why don't we move on, because we've got some questions. Can I ask one more? Give me one more citation. There's a Sixth Circuit case, Dealer Computer Services v. Dub Herring Ford, 623 Fed 3rd, 348, Sixth Circuit, 2010. There was a class action claim brought against the various dealers. And one of them sought an order from the district court to confirm an interim award. And the district court said it did not have jurisdiction because the issue was not ripe. And the D.C. also appealed to the Sixth Circuit relying on 16-A-1-D. But anyway. No, thank you. Okay. So, counsel, my question is just a little bit different. It goes more to the merits and to the nomenclature. In CBF industry, the Second Circuit adopted a framework for analyzing these cases that distinguished between arbitrations that were held inside the United States and arbitrations held outside of the United States. And it seemed to criticize the language that's used in the FAA, because it said, with respect to arbitrations that are conducted outside the United States, these really are enforcement actions, not actions to confirm. And thus, they allowed, in those cases, veil-piercing. That is, to employ an alter-ego theory because you're actually enforcing a foreign judgment rather than confirming an arbitration inside the United States. Well, Your Honor, this is a very good question. The question of whether it's enforcement or confirmation, what the Second Circuit said and the Eleventh Circuit said is that they're the same. They have the same meaning. There's not two separate issues, two separate processes. Confirmation and enforcement are the same thing. Now, the issue of whether you have a foreign judgment or a non-domestic judgment or a domestic judgment, there are three different types that you can have under the FAA. If the arbitration is under FAA Chapter 1, the parties are both Americans and the venue is in California. It's a domestic arbitration. If, however, there's an arbitration venue in California, but one of the parties is foreign and it's a foreign activity, then under the law, it's called a non-domestic arbitration, which means that when you challenge it, if you're trying to set it aside or vacate it, you can use not only the grounds under the New York Convention. You can use Section 10 of Article 9 of the first chapter of the FAA. If it's a foreign arbitration award, and this is the teaching of CBF Industria, if it's a foreign arbitration award, you can only challenge the award under the New York Convention under Section 209. The three different types really are significant only in the justification for challenging them, trying to vacate them. You can vacate a foreign award only under the New York Convention, Chapter 2. You can vacate a non-domestic award under Chapter 2 or Chapter 1, Section 10, and you can only vacate a domestic award under Chapter 1. Counsel, the reason I'm pressing the question is I'm going to push back just a little bit on your reading of CBS Industria. As I read the case, the Second Circuit said there is some confusion in these terms and it's sort of regrettable that we've used confirm to mean both to confirm an award and to enforce an outside award and said that we encourage the parties to be more precise. The Second Circuit has been more precise. We have district courts, however, that have gone both ways on the question of alter ego and as to whether you can challenge it here or whether you have to bring a separate action to establish the alter ego liability and then bring it back for arbitration. Your Honor, you're right on. This is the most important part of the debate. Al Qarqani versus Chevron answers that question. This circuit used to have a rule in a case called Yang versus Majestic Blue Fisheries. And in Yang versus Domestic Blue Fisheries, this court said that under Chapter 2, because the New York Convention says that a party must have an agreement in writing and bring an award to the enforcement proceeding that you must have the parties. You can't use the state law doctrines to get alter egos or other parties involved under Chapter 2. All right. In Arthur Anderson, the Supreme Court said for domestic arbitration, you can use state law. In Odukampo in 2020, the Supreme Court said the same rule applies to Chapter 2. You can use the state law doctrines of piercing the veil and alter ego in Chapter 2 cases. Therefore, Yang was abrogated. If you look at Odukampo, it says we took this case in the 11th Circuit because we were resolving a conflict between the circuits on this issue. And the footnote number 2 says the cases that the conflict arises in are from the 11th Circuit, the case we're taking, and also from the 9th Circuit, Yang versus Majestic Blue Fisheries. On the other side of the conflict was the 1st and the 4th Circuit. So the Supreme Court, by adopting the rule that non-signatories can use state law to use alter egos, Yang was abrogated. It's no longer the law. So when this court gets to Alcor County, what has happened is the district court has applied Yang. The district court in Alcor County said there's no jurisdiction over these cases because neither of these defendants were parties. Odukampo changes that, abrogates Yang. You then get to Alcor County, and Judge Miller wrote one of the best opinions in the arbitration canon. And he says we start from a clean slate. And Judge Miller writes that under the Federal Arbitration Act, we must look at Section 207 to determine what is its actual meaning. And first, the court says there's a split between the circuits on Section 207, between Sarhank in the 2nd Circuit and Zarina in the 11th Circuit. The Alcor County, your decision in Alcor County says we believe Sarhank is correct. It's a merits issue. It's not a jurisdictional issue. Now, the court then goes through, and this is the best part of the decision. It says when you're deciding whether Section 207 is jurisdictional or merits, you first look at Arbaugh versus, what's the Arbaugh second name? It's the Supreme Court case, Arbaugh versus Walters. Arbaugh, the Supreme Court said, when Congress passes a statute and you're trying to decide whether it's jurisdictional or not jurisdictional or its merits, you have to look in whether Congress said it was jurisdictional. And the Supreme Court in Arbaugh said the 15-person requirement employment required under Title VII. Okay, and I'm familiar with that jurisprudence.  So I just want some clarification here, Counselor. Under the 2nd Circuit's refined terminology in CBF and our decision in the Chevron case, is this an enforcement action? It has to be brought as a confirmation action because that's the term the FAA uses, but it is technically an enforcement action. Is that correct in the 2nd Circuit's terminology? Well, first of all, I believe the 2nd Circuit and the 11th Circuit in an en banc decision after CBF, both said that confirmation and enforcement are the same thing. They're not separate actions. Sure, but that's because that's the language that the FAA uses. But they've tried to distinguish between the two because they're analytically slightly different, even though we have to use the same terminology because that's what the statutory phrase is. Well, but wait a minute. Under the FAA, you bring a Section 207 action when it's a foreign arbitration award covered by the New York Convention. You bring – let me read it so I don't make a mistake. The heading of Section 207 is Award of Arbitrators Confirmation Jurisdiction Proceeding. Within three years of an arbitral award, a party of the arbitration may apply to any court having jurisdiction for an order confirming the award is against any other party. Sure, that's – and that's what the 2nd Circuit said is the term confirmed is used in the statute. So we have to use that term, but it's technically an enforcement. Yeah, but you confirm the award unless it finds one of the grounds for refusal, deferral, or recognition or enforcement. So it's – you're trying to – I'm sorry. Let me see. Well, I've taken you way over your time. I think I've got the point. Have I talked you long? Well, why don't we give you – we'll give you a couple minutes for rebuttal, and thank you for taking time with us, and we'll turn now to – yeah, please. Good morning, and may it please the Court. My name is Jeff Prudhomme, and I'm appearing on behalf of Appellees John Baldwin and Bridge Capital Management. There are really two issues before the Court today, which I think you recognize. It's, first, whether this Court has appellate jurisdiction to hear this interlocutory appeal under FAA Section 16A1D, and, secondly, whether the District Court had subject matter jurisdiction to adjudicate a summary proceeding to enforce foreign arbitral awards under FAA Section 207 against two parties who were neither parties to the arbitrations nor subject to the arbitral awards.  So let – I think a lot is packed into that last portion, so I don't want to miss it. Two parties that were not subject to the arbitration and not subject to the awards. The problem is that's not entirely – that's the whole issue that's before the District Court, right? Because the question is, are they parties in the sense that they're alter egos of parties that were already there? You would agree that if they're alter egos, they would be a party to the arbitral award? Not necessarily, Your Honor. And the problem with that is we're not dealing with a situation where there's some determination, some preexisting determination that they're alter egos. So all the court has to say is – As I was thinking through this, one thing would be to send it back to arbitration, and I don't even know if you could do this and have the arbitrator figure this out, but the District Court – we seem to have a lot of District Court cases out there that say no, the alter ego issue is properly before the District Court to determine in the first instance. I'm not aware of that body of law, Your Honor. I'm aware of the body of law to the contrary that says no, we don't do that. There is a – the summary proceeding in Section 207 is fundamentally at odds with an alter ego action, right? So you've got a summary proceeding in which all the court is able to do is look and see whether seven reasons to deny – I thought Judge Miller's case said basically this point. Is that Al-Qarqani? Yeah. Your Honor, I agree that we can decide this case on Al-Qarqani. I just think Al-Qarqani – You think it cuts the other way. I do, in a major way, and I'm happy to get into that. Why do you do that? Because I did not interpret Al-Qarqani – I thought that it did give us jurisdiction, so I want to hear why you think it doesn't. Yeah, certainly. And it's important to really be crisp in Al-Qarqani on Chevron Corp., which was a party to the arbitration, and Chevron USA, which was not a party to the arbitration but, like Appley's here, is an alleged alter ego, right? So why is Al-Qarqani different than here? And two reasons. One is you had a single district court opinion. I'm sorry to interrupt you, but I just want to make sure. We still have appellant's counsel, right, Kathy? Mr. Branson, are you still with us? I thought I was supposed to turn off my video while he was talking. Just please leave your video on so we know you're there. That's all. Okay. Just on mute. Thank you. Do I – wait a minute. Is that okay? Yeah. I'm sorry. No problem. So in Al-Qarqani, you had a single district court opinion that addressed two differently situated parties. One is Chevron Corp., which was a party to the arbitration, and then Chevron USA, which was not. And they were treated very differently. As to Chevron USA, this court said Chevron USA was not a party to the arbitration and is therefore dismissed, we affirm, the dismissal for want of subject matter jurisdiction. But as to Chevron Corp., the question was different. The question was whether there was a valid agreement to arbitrate between the parties. And that's where the court got into whether that was a question of the merits or a question of jurisdiction. And the court said it's a question of the merits here because whether there is an agreement to arbitrate between the parties is not found in a part of the FAA that is under a jurisdictional heading. It's not a clearly jurisdictional issue. And secondly, the district court went ahead and said the court would deny the petition on the merits of Chevron's defenses under Article V of the Convention. That's at page 7. So the court ruled on the fact that the district court ruled on the fact that there was no agreement to arbitrate, which it incorrectly under the Ninth Circuit's opinion determined to be a jurisdictional issue. But it also got into the merits. And it said there were procedural deficiencies under Article IV. There were valid defenses under Article V. And this court said, okay, you called it a subject matter jurisdiction issue, but we think it's a merits issue because of the posture of the question of whether there's a valid agreement to arbitrate. And you got into the merits. So it is properly a denial of confirmation on the merits only as to Chevron Corp. As to Chevron U.S.A., none of that mattered. It was Chevron U.S.A., the alleged alter ego, is not a party to the arbitration, period. Well, I think that's correct. But in the Al-Qurqani decision, it also notes that in that case there was, I think Judge Miller calls it, a vague reference to the alter ego issue, right? And then so he leaves open the door that if you had more than a vague reference and you actually built out that issue and had some more concrete allegations that it would go the other way because that would be a merits question and not a jurisdiction question. And the paragraph prior to the one that Judge Forrest is referring to, I'm sorry, the sentence before it says that the heirs have advanced no non-frivolous theory of enforcement. Right. They didn't say they've advanced no non-frivolous theory of alter ego, right? So let's look at the next sentence. It says, as to Chevron U.S.A., the heirs have advanced no non-frivolous theory of enforcement. The very next sentence is Chevron U.S.A. is not named in the arbitral award the heirs seek to enforce, period. Right. That's the gravamon of that issue. It could go on, I acknowledge. The language that I just referenced, though, where he, I mean, you don't think he's leaving the door open there to say that you could have done more here and if you had, the outcome might have been different? I don't. And that's because of the text of 207. I agree he said that. I think that's acknowledging the facts of the case. But I do not read it as the court, because the court doesn't say that. The court said but, the court didn't say but if. They acknowledged that there was just a toss away. Right. They just said alter ego. He did not come back and say, but if you had, then we have a different situation. What's the implication of him saying anything about it at all if that's not the inference? He's acknowledging the facts of the case and that there was a toss away. Right. And so you would have to look at 207, right? And Section 207 says you can bring an action to enforce as against any other party to the arbitration. So, okay, so you're trying to make an argument that 207 embeds within it a jurisdictional rule, correct? The title of Section 207 has the word jurisdiction. So there's no question that Section 207 is jurisdictional. How do you, I mean, how do you make 207 and 203 work? Because, frankly, I think there's a fair way to read these as 203 is your jurisdictional provision. Do you fall under the convention or not? Sure. And then if you do, jurisdiction is there and then we'll get to merits issues and maybe, you know, maybe you'll be able to conform or enforce an award, whichever terminology we're going to use, as against the party at issue. Or maybe you're not. But those aren't jurisdiction questions. Let me answer that in two ways. One is let me explain 203 and 207. And then let me explain why we have Orion, because I think that's helpful in kind of understanding this. So Section 203 is just a confirmation that there's federal jurisdiction for an action arising under the convention, regardless of the amount of controversy. Right, jurisdiction. You would agree that's jurisdiction. I agree. There's two jurisdictional provisions. If you look at the title of 203, it has the word jurisdiction. If you look at the title of 207, it also has the word jurisdiction, because 203 says an action arising under the convention. So you have to determine whether you have an action arising under the convention to know if you have 203 jurisdiction. And you get that from 207. Right? So you cannot have an action arising under the convention against anyone but another party to the arbitration based on that text. So that's where you run up against Judge Miller's opinion, I think, because he says he reminds us in that opinion that not everything that gets labeled jurisdiction is actually jurisdictional in the formal sense. Sure. And so why isn't that the distinction here? 203 is formal jurisdiction. 207 is not. He was talking about whether there was a valid agreement to arbitrate under New York Convention Article 2. And that's where he said we don't have a clear jurisdictional section, and that's a merits question. That is a totally different question than whether there's jurisdiction under 207 for an action to confirm an award. Right? And that's why you get the two different treatments by that court, by this court, between Chevron USA and Chevron Corp. Chevron Corp was a denial of confirmation on the merits. Chevron USA was a dismissal for want of subject matter jurisdiction. And they're treated differently because it didn't matter whether there was an agreement to arbitrate with Chevron USA because Chevron USA isn't a party to the arbitration. Counsel, what do you do with Ministry of Defense, the Iranian case, 1992? So Ministry of Defense, in Ministry of Defense, they had diversity jurisdiction. The very first sentence of that opinion is, and I'll paraphrase, but it's a foreign plaintiff brings an action against U.S. citizens. Right? So you had jurisdiction. And if you look at the GE transportation case out of the Southern District. Now, I'm also seeing references here to Section 203 in the opinion. In the Ministry of Defense? Yep. Yeah, so Ministry of Defense, like I said, they had a separate basis for jurisdiction. So in the GE case, if you look at Orion, there's a couple exceptions, one being if you have a successor jurisdiction where it's really not a fact-intensive alter ego question. It's really a simple successor liability issue. And then what you have in the Ministry of Defense case was that they had diversity jurisdiction. So here we're confined to 207. Can you tell me where the diversity jurisdiction section is? I'm seeing Section 203, Section 203. Yes. Here's the issue. I'm not saying it's not under 203 and 207. What I'm saying is they also had diversity jurisdiction, which the district court here asked for supplemental briefing on. Because if there's a separate basis for jurisdiction, then this court could say, well, we're not really looking at the alter ego allegations in a confirmation action under 207, which we're not allowed to do. We're looking at it as a separate case under diversity jurisdiction. We have a separate basis for jurisdiction. The district court didn't have that. The district court only had the FAA. There was no diversity jurisdiction. We fleshed that out on supplemental briefing. And so in Goulds, you had that different situation. Moreover, the Ministry of Defense case doesn't address this issue about alter egos and whether you can bring an alter ego action into 207. That wasn't before the court, and it wasn't decided. Well, I think the point, though, is that picking up, I think, on what Judge Bybee is trying to get at is in Ministry of Defense it references 203 and talks about jurisdiction is triggered when it falls under the convention, and then it lays out three elements for when that's met. And none of them reference 207 or the arguments that you're making. Because it wasn't at issue in that court, right? It wasn't before the court whether the as against any party of the arbitration in 207 decided the issue, right? They already had jurisdiction. They just went ahead and analyzed it. There was no one saying, hey, wait, no, you can't do that, right? I think that's an interesting way to read Ministry of Defense because it doesn't seem to be limiting it to that. It seems to be saying we're looking at 203. We're trying to explain and establish what 203 is and what it requires. Here's the elements, period. And it seems like you want to cabin that to just the specific facts at issue there, and I don't think it's written that way. I guess what I'm saying is 203 can't be read in a vacuum, right? And that's why there's another section, 207. There's four, I think, phrases or words in the title of 207. One of them is jurisdiction. Yeah, but it's really not a jurisdictional section. The reference is to any court having jurisdiction. It's a jurisdictional reference. It's not jurisdiction conferring. Jurisdiction conferring would be Section 203. That would be 1332. It would be 1331. A whole host of other things that refer to district courts having jurisdiction. That's 203. 207 does not have any of that language. It assumes jurisdiction, any court having jurisdiction. 203 only gives jurisdiction as to actions arising under the Convention. So you have to have an action arising under the Convention. And you don't really dispute that that's true here, right, because it's a foreign arbitration. I'm not disputing that the award is a foreign award subject to Article 2. I'm saying that there – and nor am I disputing that there is a valid action as against the award debtors, right? You're saying that the three alter egos don't fall under 207. Exactly. Right, 207 doesn't apply to them. They can bring the case all day long, right, against the award debtors. That's what 207 is for. 207 is not for bringing alter ego claims. So can I – if the district court had written this differently – I mean, I guess your position is the district court shouldn't have written it differently. It is a jurisdiction. She didn't have jurisdiction. She did not have jurisdiction. Okay, but if she had written this differently and said, I don't view this as a jurisdictional issue. I just think they're out on the merits, would we have appellate jurisdiction? In your view, there would be no question we have appellate jurisdiction. If she said, I'm denying confirmation on the merits, then you've got jurisdiction under Section 16. Okay, so you don't have a problem with an interlocutory appeal as to one party that's not final or reversal or confirmation. No. That's not an issue. The only issue here is it really does boil down to is this merits or is this jurisdictional. Right, and that's why the distinction in Al-Qarqani is so important. Chevron USA is what you just described. You have a party to the arbitration. There's no question. You've got an action under the convention, and there was a misnomer in the district court, but you ended up having a denial of confirmation on the merits. But in that same opinion, as to Chevron USA, you have the court affirming and saying, we agree. That is a dismissal for lack of subject matter jurisdiction because they're not a party to the arbitration. Do you disagree with your friend across the other side on the import of this decision is to make it so that there would be no further proceedings in terms of the alter ego issues? There's no other way to get these things reviewed. That's absolutely, yes, I disagree entirely. So tell me how if the district court decision stands and we don't exercise appellate jurisdiction here, how is that ever going to get heard? So what happens is they go back to the district court and they proceed against the award debtors. And if they're successful in getting confirmation, enforcement, however we want to phrase it, right, and a judgment against the award debtors, then they've got a judgment against the award debtors. They take that judgment and they go enforce it like you would go enforce any other judgment. And you bring an enforcement action against the alter egos. So they're not left without an alter ego remedy. You just can't do it in a 207 action. They can do it. Would that work in the Second Circuit under its case law? Certainly. The Second Circuit is the one that laid that out in Orion. They said the proper – They seem to be ignoring CBF. No, let's look at Ellotson, which specifically quoted CBF, right? And Ellotson said it laid out the process, right? Ellotson said, and Ellotson I think is 2024, but it was certainly after CBF, and it said, the proper vehicle is not an application under the FAA or the New York Convention to confirm the award issued in connection with the proceeding in which the third party did not participate and was not compelled to participate. If the prevailing party seeks to hold the alter ego responsible for the relief awarded by the arbitrator, it must do so through a separate action in court to pierce the corporate veil. And that's at 589 to 590 in the Southern District of New York. Yeah, that's a Southern District of New York decision. That's not a Second Circuit decision. It's a decision from the Second Circuit area, but it's not a Second Circuit decision. Right, but there is no Second Circuit decision to the contrary. Okay, but I thought you were telling us that Ellotson was the Second Circuit decision that was post-CBS. No, I apologize if I gave that impression. It's a Southern District of New York decision that comes after CBF. Correct, and recognizes CBF. So it's not as if he was ignorant of CBF. When I read Ellotson, re-read Ellotson this morning, I have to say I was very confused by it after having read CBF. Yes, so if I may, do I have a minute? I'm going to come back to my question, and thank you, Judge Bybee, for the clarification because I had forgotten where that decision was coming from. My question was how do you deal with CBF and the answer that you just gave? Because CBF, if we were to follow the Second Circuit's approach and adopt basically what CBF laid out, I'm not quite sure how that jibes with what you're trying to get us to do here. Let me say this about CBF, right? No other court that I'm aware of has ever followed CBF to say that you can bring an alter ego action in a Section 207 proceeding. No court. No court has ever done that. CBF stands alone on an island. And let me tell you why you shouldn't follow CBF. But most of these cases come in the Second Circuit. I mean, in some cases, that might be a pretty big argument, but most of these cases come in the Second Circuit, so it has a little more prominence that they actually said that. But it, okay. No one's followed CBF since CBF. And let me tell you why CBF... Well, that's still not an answer to my question, though. I'm asking you to wrestle with CBF and see how it works under there. I'm about to do that. So CBF quoted Section 207 when they went into their decision-making. And guess what part of 207 they left out of their quotation? As against any other party to the arbitration. They omitted it. They pretended like it didn't exist, and they went and analyzed Section 207 without the very critical language that we need to know whether you can bring an alter ego claim in Section 207. They cut it out. They analyzed a statute that isn't there. I think the implication of that is that when you have an alter ego doctrine, it is the party to the... You've pierced the veil. We found the parties that are the real parties in interest. So here's then the factual distinction with CBF. There was a company that had ceased to exist. It couldn't be sued, right? It had been erased from the Swiss Register. So there was no company that the award creditor could go and have a 207 action against. I just don't read CBF as focusing on that detail. I know you did from your briefing, but I read CBF as trying to demonstrate the history of what was going on here and the difference between the Geneva Convention and the New York Convention and the implications that those changes had. And that's where its reasoning is rooted, not in the distinction or the factual point that you're focused on. So let me leave you with one more quote from CBF then. And that's because... Right, it was talking about whether there had to be one or two actions. And what CBF said, it said one action, but it said as against the award debtor. It said, It didn't go on and say, or the alter ego, as my friend wants it to say, right? It just said as against the award debtor. CBF does not provide license to this or any court to consider subject matters, excuse me, to consider alter ego in 207. Al-Kharkhani is where this court needs to focus. And Al-Kharkhani says Chevron Corp., it was a decision on the merits, we have jurisdiction. Also, it treated them differently. And it treated them differently because one was a party to the arbitration and the other was not. And if you look at the district court footnote, it says they're not a party to arbitration and they're dismissed on that basis alone. That's all it takes. I recognize we're not wrestling with an instance here where you have a proven alter ego. We don't have that. We would have to go have a case, a very fact-intensive, discovery-intensive alter ego case within what is supposed to be a confirmation proceeding, a summary confirmation proceeding, in which the court is restricted to seven reasons under Article V of the Convention. How do you even do that? So let's take that. If you have a denial of confirmation, if you have a denial of confirmation under 207, the only way you can do that is by finding one of those seven reasons under Article V. If you don't find one of those seven reasons under 207, you have to confirm, right? The court has to confirm. So if the court decides it's not an alter ego and therefore it's not going to confirm against the alter ego, well, it's doing that based on alter ego law, not under one of the seven reasons of the Convention. So by even making that decision, the court would have to violate Section 207, which says it has to confirm unless it finds a reason to deny under the Convention. An alter ego law is not a reason under the Convention, right? So it would be caught in either... So any award creditor then brings an alter ego, and the court can't say, no, you're not the alter ego. It can't even make that decision in a 207 action. I think that argument that you're making, I understand it, and I think it made a lot of sense, certainly under prior law, but I think that the argument you're making cannot be squared with CBF. So if we found that convincing, it doesn't seem like your argument works under that regime. I don't think that CBF is really the case that courts should be wanting to follow here, and I think it's because of the successor liability factual issue in that case, and I also think it's because the point of that case is off point here. They weren't trying to say, and if they had, they would have said it, that you can bring an alter ego action. They said against the award debtor, it's a single stream. They were trying to say, no, there's no two pathway thing we have, a one pathway thing, but when they said that, they said as against the award debtor. They didn't get into the alter ego question. They cut the important part out of 207. It's just not the right case to go state Ninth Circuit law on. I submit that Al-Qarqani is that case, and I submit that if you read Al-Qarqani, you'll see the distinction between Chevron Corp. and Chevron USA, and the Appleys here sit in the shoes of Chevron USA, which this court affirmed were properly dismissed for a lack of subject matter jurisdiction, which in Al-Qarqani, there was a hook for jurisdiction. Here, there's no such hook, so while I think it might be interesting for you to opine on the merits of what we just talked about, I think under Al-Qarqani, you lack the jurisdiction to even reach that issue because this is an interlocutory appeal over which you have no jurisdiction. Okay, thank you. We'll give you two minutes for rebuttal. Thank you, Your Honor. Let me make one point. I believe counsel has conceded that if you don't remand, then the result is going to be that the government cannot use the New York Convention, the Federal Arbitration Act, to enforce the awards against the alter egos. We'll have judgments against the other people who are insolvent, and we will have to then bring actions wherever we can find the defendants again under the Uniform Foreign Judgments Act. We will be barred from using the United States Treaty that the United States signed when it signed the New York Convention. Now, the second point. I believe, Judge Forrest, you were focusing on Al-Qarqani and the section where the court says that although the requirements of a non-frivolous claim is a low bar, the heirs have managed to clear it only in part. In particular, as to Chevron USA, the heirs have advanced no non-frivolous theory of enforcement. Chevron USA is not named in the arbitral award the heirs seek to enforce, as see 9 U.S.C. 207, authorizing petitions to confirm awards as against any other party to the arbitration, although the heirs make a vague reference to an alter ego. They have not attempted to demonstrate that Chevron USA is Chevron Corporation's alter ego or that there is any other basis for enforcing the award against Chevron USA. It is there that the court is saying they didn't make a non-frivolous act. I'm sorry, a non-frivolous allegation in their pleadings or before the district court that would allow them to proceed on an alter ego basis. But if they had, they would have been able to proceed on an alter ego basis. And that's when the court then turns to Chevron Corporation and said the claim against them is not frivolous and it's a merits claim. And this all goes back in the Elker County decision to the part of the decision where they're talking about Belvey Hood establishing the rule. If the pleading states a cause of action, a federal claim, and we did state the cause of action, then if it's a non-frivolous claim, the court has jurisdiction. And I want to point out that in the district court's opinion, the district court said three times that she was not disturbing her prior judgment that we have stated a non-frivolous claim for alter ego. When we amended our petition, the respondents filed a motion to prohibit the amendment on the grounds that it was a feudal amendment. The district court held that we could amend the complaint and it was not a non-frivolous claim. And that's it. In the district court's opinion of ECF 111, the court says twice, I'm not disturbing that prior decision on alter ego. So the district court is recognizing that we have already pled a non-frivolous claim of alter ego. She's held that. And let me find it in my notes so I can tell you. Counsel, I think we have your argument now. Okay. Thank you to both counsel for your arguments in helping clarify a somewhat thorny issue. And the case is now submitted. And that concludes our arguments for the day. Thank you, Your Honor. All rise.
judges: BYBEE, NELSON, FORREST